IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA SHEKHETS as p/n guardian of P.S., a minor<br>2548 E. 27th Street, Apt. 8<br>Brooklyn, New York 11235<br><br>Plaintiff,<br><br>v.<br><br>EAGLE LAKE COMMUNITY ASSOCIATION INC.<br>15 A M Hughes Blvd.<br>Gouldsboro, PA 18424<br><br>Defendant. | CIVIL ACTION NO.: |

## COMPLAINT – CIVIL ACTION
## PREMISES LIABILITY

Plaintiff, ANNA SHEKHETS, as parent and natural guardian of P. S., a minor, by and through her attorney, Bruce M. Ginsburg, at Ginsburg & Associates, says by way of Complaint against Defendant, as follows:

I. **PARTIES**

1. Plaintiff, ANNA SHEKHETS, is the parent and natural guardian of P.S., a minor, and is an adult individual residing and domiciled at the above captioned address.

2. Defendant, EAGLE LAKE COMMUNITY ASSOCIATION, (hereinafter "EAGLE LAKE") is a Pennsylvania non-profit corporation with a principal place of business at 15 A M Hughes Blvd., Gouldsboro, PA 18424 which regularly, systematically and continuously advertises, sells goods, seeks customers, purchases goods and services, and/or conducts business in Lackawanna County, Pennsylvania.

3.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States.

5. Venue is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(2), in the United States District Court for the Eastern District of Pennsylvania because the event giving rise to the claim occurred in Lackawanna County, Pennsylvania.

6. The amount in controversy does exceed $75,000.00.

7. Plaintiffs hereby demand a trial by jury.

## III. FACTS

8. At all times material to this Complaint, Defendant, EAGLE LAKE, owned operated, managed, and/or controlled the property located at or near Skyview Drive and Nature Drive, Gouldsboro, PA 18424.

9. Defendant, EAGLE LAKE, was responsible for the proper maintenance of the aforesaid real property, including the playground equipment located on the property, and to keep said property safe for business invitees and those lawfully upon the real property.

10. At all times material to this Complaint, Defendant, EAGLE LAKE, acted or failed to act by its agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with Defendant, EAGLE LAKE, in furtherance of Defendant's business and on behalf of Defendant, EAGLE LAKE.

11. On or about July 13, 2012, Defendant, EAGLE LAKE, so carelessly and/or negligently allowed a dangerous and defective condition, consisting of an improperly secured board on the playground equipment, otherwise unprotected or unmarked, to exist and remain at

the premises located at or near Skyview Drive and Nature Drive, Gouldsboro, PA 18424.

12. On or about July 13, 2012, while a business invitee at the above mentioned premises, Plaintiff, P.S., did fall by reason of coming in contact with the dangerous and defective condition, otherwise unprotected and/or unmarked, sustaining the injuries which form the basis of this action.

13. The aforesaid accident was due solely to the negligence and/or carelessness of Defendant, EAGLE LAKE, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I – NEGLIGENCE
## P.S. vs. EAGLE LAKE

14. Plaintiff, P.S., hereby incorporates paragraph by reference all of the above listed paragraphs as though fully set forth at length herein.

15. The negligence and/or carelessness of Defendant, EAGLE LAKE, acting aforesaid, consisted of the following:

   a. Allowing and causing a dangerous and defective condition to exist at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

   b. Failing to remove said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully walking thereon;

   c. Failing to correct said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully walking thereon;

   d. Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its customers;

   e. Failing to provide and maintain an unobstructed and safe route of travel for Plaintiff;

  f. Failing to barricade or otherwise contain the area where said dangerous condition existed;

  g. Failing to warn persons on the premises of the existence of said dangerous condition of which Defendant knew or should have known;

  h. Disregarding the rights and safety of the Plaintiff; and

  i. Failing to exercise due care under the circumstances.

16. As a result of this accident, Plaintiff, P.S., has suffered injuries which are or may be serious and permanent in nature, including but not limited to, a complete fracture through the distal radius and ulna on left arm with radial and dorsal dislocation, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

17. As a further result of this accident, Plaintiff, P.S., has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

18. As a further result of this accident, Plaintiff, P.S., has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

19. As a direct and proximate result of the aforementioned accident, Plaintiff, P.S., has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

20. As a further result of the accident aforementioned, Plaintiff, P.S., has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an

indefinite time in the future.

**WHEREFORE**, Plaintiff, P.S., demands judgment against the Defendant, EAGLE LAKE, in excess of Seventy-Five Thousand ($75,000.00) for such actual damages, interest, costs of suit and counsel fees and such other relief as this Court deems just and equitable to reasonably and fairly compensate him in accordance with the laws of the Commonwealth of Pennsylvania.

                                            GINSBURG & ASSOCIATES

                                            Bruce Martin Ginsburg, Esquire
                                            Attorney ID #: 22187
                                            2112 Walnut Street
                                            Philadelphia, PA 19103
                                            Phone: (215) 564-4400
                                            Fax: (215) 564-4585
                                            E-mail: BGinsburg@ginsburg-law.com
                                            Attorney for Plaintiff

June 18, 2014